

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 24, 1948

Mr. C. E. Belk, Administrator,
Board of Plumbing Examiners,
Austin, Texas

Opinion No. V-481.

Re: Applicability of the
Plumbing License Law
of 1947 to the oper-
ator of an electric
sewer cleaner.

Dear Mr. Belk:

Your letter requesting our opinion states, in part, as follows:

"(We) have received several inquiries from companies whose business it is to main-tain or clean out drain pipes, sewer pipes and appurtenances carrying waste from build-ings to the sewer line.

"In a majority of cases no plumbing fixtures, pipes, or joints are removed, al-tered, installed or repaired.

"Would you please give us an opinion on the following question: 'Would the oper-ator of an electric sewer cleaner which does not require the removal, installation or re-pair of any fixtures, pipes, joints or plumb-ing appurtenances, constitute the operator thereof a person engaging in, working at, or conducting the business of plumbing, as de-fined under the Plumbing License Law of 1947, being Article 6243-101 of Vernon's Annotated Civil Statutes?'"

The pertinent provisions of Article 6243-101, Vernon's Civil Statutes, are as follows:

"Sec. 2.  (a)  The word or term 'plumbing' as used in this Act means and shall include: (1)  All piping, fixtures, appurtenances and appliances for a supply of water or gas, or both, for all personal or domestic purposes in and about buildings where a person or persons live, work or assemble; all piping, fixtures, appurtenances and appliances outside a building connecting the building with the source of water or gas supply, or both, on the premises, or the main in the street, alley or at the curb; all piping, fixtures, appurtenances, appliances, drain or waste pipes carrying waste water or sewage from or within a building to the sewer service lateral at the curb or in the street or alley or other disposal terminal holding private or domestic sewage; (2) the installation, repair and maintenance of all piping, fixtures, appurtenances and appliances in and about buildings where a person or persons live, work or assemble, for a supply of gas, water, or both, or disposal of waste water or sewage. . . .

"Sec. 3.  The following acts, work and conduct shall be expressly permitted without license: . . .

"(c)  Plumbing work done by anyone who is regularly employed as or acting as a maintenance man or maintenance engineer, incidental to and in connection with the business in which he is employed or engaged, and who does not engage in the occupation of a plumber for the general public; . . .

"Sec. 14. . . . no person, whether as a master plumber, . . . employing plumber, journeyman plumber, or otherwise, shall engage in, work at, or conduct the business of plumbing in this state or serve as a plumbing inspector as herein defined, except as herein specifically exempted from

the provisions of this Act, unless such
person is the holder of a valid license
as provided for by this Act; and . . .
it shall be unlawful for any person to
engage in, work at, or conduct the busi-
ness of plumbing in this state or serve
as a plumbing inspector as herein de-
fined, except as herein specifically ex-
empted from the provisions of this Act,
unless such person is the holder of a
valid license issued under the provis-
ions of this Act and provided for here-
by; and it shall be unlawful for any
person, firm, or corporation to engage
in or work at the business of installing
plumbing and doing plumbing work except
as specifically herein provided unless
such installation or plumbing or plumb-
ing work be under the supervision and
control of a plumber licensed under this
Act. And it is expressly provided that
the provisions of Article 122 of the Pe-
nal Code of Texas shall apply to viola-
tions of this Act, and said Article 122
of the Penal Code and the penalties there-
in provided are hereby expressly referred
to."

Where a statute defines a word or group of
words, that definition is binding on the courts (Hurt
v. Cooper, Tex. Sup. 110 S. W. (2d) 896, 904), for in
all interpretations one should look diligently for the
intention of the Legislature. R.C.S. 1925, Art. 10,
Sec. 6, P. C. Art. 7.

In State v. Gottstein, (Minn.) 228 N.W. 221,
125 A.L.R. 715, it was held that one who was engaged in
cutting out and removing from a house sewer the roots of
trees and shrubs which had gained entrance therein and
obstructed the flow of sewage therefrom into the city
sewer, using for the purpose an electrically operated
cutting instrument inserted in one of the basement clean-
outs in the drainage system, after removing a cleanout
cap or cover, the position of the tiles in the sewer be-
ing in no manner disturbed, and there being no alteration
or addition made in the structure of the tiles, could not

be convicted of violating an ordinance of the City of
Minneapolis which made it unlawful for an unlicensed
person to "construct, extend, alter or repair any
plumbing work or house drainage. . ."  Said the Court:

> "The work which defendant did on
> the occasion in question is not claimed
> to have been a construction, extension,
> or alteration of any plumbing or house
> drainage system prohibited by the ordi-
> nance unless done by a licensed plumber.
> But it is contended that it comes with-
> in the meaning of the word 'repair' in
> the ordinance.  It is well known that
> in every house plumbing and sewage sys-
> tem there are cleanouts provided where
> by the use of an ordinary wrench the
> cap or cover may be removed and entrance
> made to remove or clean out obstructions.
> Often a simple contrivance used by one
> not a licensed plumber may remove the
> clogging matter.  Nothing in the system
> is out of order or in need of repair.
> Nothing need be done to the tile or pipe
> in which the obstruction is found other
> than remove the same, that is, clean the
> pipe or tile. . . .

> "Cutting off and removing the roots
> inside the tile did not make good any de-
> fects in the tile itself."

You have further verbally informed us that
the electric sewer cleaner is substantially of the same
general character as the one described in the Gottstein
case and is inserted in the sewer system in the manner
hereinbefore described.  The only part of the sewer sys-
tem that is in anywise disturbed is the usual metal clean-
out cap or plug found in the metal part of the sewer line
and so fastened or held in place that it may be easily
removed or replaced.

Subsection (2), Section 2, of the statute
describes the term "plumbing" as follows:

> "The installation, repair and main-
> tenance of all piping, fixtures, appur-
> tenances and appliances in and about build-
> ings where a person or persons live, work

or assemble, for a supply of gas, water, or both, or disposal of waste water or sewage."

Section 14 makes it a penal offense for any person to "engage in, work at, or conduct the business of plumbing in this state. . . except as specifically exempted from the provisions of this Act, unless such person is the holder of a valid license as provided by this Act.

It is perfectly obvious that a person who removes an obstruction from a sewer pipe or line by a method "which does not require the removal, installation or repair of any fixture, pipes, joints, or plumbing appurtenances," other than the removal and replacement of the usual clean-out cap or plug in the sewer line, does not install or repair any piping, fixtures, joints or plumbing appliances. State v. Gottstein, supra.

The word "maintenance," contained in the above quoted statutory definition of "plumbing," is, in our opinion, of no particular significance. That word, as used in the statute, means the same thing as "maintain." These two words are frequently used in the sense of keeping a thing in repair. E. E. Kelly Co. v. United States, 17 C. C. P. A., 30, 32. The words "repair" and "maintain" have often been held by the courts of this and other jurisdictions to mean practically the same thing. Missouri K. & T. Ry. Co. of Texas v. Bryan, 107 S. W. 572; McChesney v. Village of Hyde Park, 37 N. E. 858, and authorities there cited. Therefore, we conclude that the words "repair" and "maintenance," as used in this statute, are synonomous and mean the same thing - "to restore to a sound or good state after decay, injury, dilapidation, or partial destruction," one of the definitions given by Webster.

A sewer pipe or line cleaned by the method and in accordance with the facts stated is neither installed, repaired nor maintained. The physical structure of the drainage system is not materially disturbed. The only reason why it does not properly function is due to the presence therein of some substance which obstructs the usual free flow of sewage through it, and not to the decay, injury, dilapidation, or partial destruction of the pipe or line.

After a careful consideration of the statute, we have concluded that the cleaning of a sewer pipe by a person using an electric sewer cleaner, which does not require the removal, installation or repair of any fixture, pipes, joints, or plumbing apparatus, other than the removal of the usual clean-out cap or plug of the sewer pipe for the purpose of inserting the cleaner in the pipe and the replacement thereof, does not come within the meaning of "plumbing," as that term is defined in the statute. Therefore, the operator of such a cleaner is neither engaged in, working at, or conducting the business of "plumbing" within the purview of The Plumbing License Law of 1947, Article 6243-101, Vernon's Civil Statutes.

## SUMMARY

The operator of an electric sewer cleaner which does not require the removal, installation or repair of any fixtures, pipes, or plumbing appliances, other than the removal of the usual clean-out cap or plug of the sewer pipe for the purpose of inserting the cleaner in the pipe and the replacement of the same, is not engaged in, working at, or conducting the business of "plumbing" within the meaning of that term as defined in The Plumbing License Law of 1947. Art. 6243-101, V.C.S; State v. Gottstein, 228 N. W. 221, 125 A. L. R. 715.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Bruce W. Bryant*

Bruce W. Bryant
Assistant

BWB:wb

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL